**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**MONZU, LLC,**

      **Plaintiff,**

**v.**

**MEOW WOLF, INC., and**
**MW DENVER, LLC,**

      **Defendants.**

---

**COMPLAINT FOR BREACH OF CONTRACT AND MONETARY DAMAGES**

---

      Plaintiff, MONZU, LLC ("MONZU"), by and through counsel, files this Complaint against Defendants, Meow Wolf, Inc. and MW Denver, LLC (collectively "Meow Wolf"), for breach of contract and monetary damages.  In support thereof, Plaintiff states as follows:

## I. PARTIES

    1.  Plaintiff is a Colorado limited liability company in good standing, and is doing business in the State of Colorado. Its headquarters is located at 627 Main Street, Longmont, Colorado 80501.

    2.  Defendants are Delaware corporations and are registered with the Colorado Secretary of State as foreign corporations, and are doing business in the State of Colorado. Their principal address in Colorado is 1338 1ˢᵗ Street, Denver, Colorado

80204.

## II. JURISDICTION AND VENUE

3.  This Honorable Court has jurisdiction of the parties and the subject matter involved herein pursuant to, *inter alia*, 28 U.S.C. § 1332(a)(1), as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

4.  Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(b)(1) and (2) in that Defendant are conducting and transacting business within this judicial district, and have committed the acts complained of herein in this judicial district of the State of Colorado.

## III. FACTS

5.  Plaintiff and Defendants entered into a purchase order contract dated February 8, 2022 ("the Contract") by virtue of a "HELLOFOOD Purchase Order" bearing  purchase order number MECO-001.

6.  A true and correct copy of the Contract is attached hereto and incorporated herein as **Exhibit A**.

7.  As reflected on the Contract, MONZU was doing business as MECO Cheesy Bits, a registered Colorado trademark owned by MONZU.

8.  As also reflected on the Contract, Meow Wolf was doing business as HELLOFOOD.

9.  Pursuant to the terms of the Contract, MONZU was to make, sell and deliver cheese crackers to Meow Wolf, and Meow Wolf was to purchase the cheese crackers.

10.  The Contract required Meow Wolf to purchase three categories of products produced by MONZU over a twelve month period at a total purchase price of

$127,500.00.

11.  Meow Wolf prepared the Contract.

12.  As noted on the Contract under "Special Instructions," Meow Wolf stated that, "This PO represents the annual quantity we will order for a 12-month time frame February 2022 through January 2023."

13.  On January 19, 2022, Amy Arnold, a manager for Meow Wolf, sent an email to Plaintiff which stated in part that, "This PO would serve as a binding "contract" and that we would be buying, at least, the amount on this initial order." A true and correct copy of the email is attached hereto and incorporated herein as **Exhibit B**.

14.  Further, Exhibit B states that, "Aaron and I will review numbers every 60-90 days to make sure we are on track with ordering and to make sure we will be utilizing the agreed upon quantity."

15.  Again, on May 4, 2022, Amy Arnold, a manager for Meow Wolf, sent an email to Aaron VandenBroeke, another manager at Meow Wolf, and blind copied Plaintiff, which stated in part that, "You should have all received a bulk PO from myself. This is a BINDING contract, (Emphasis in the original), and quantity commitment that we will order from you throughout 2022-2023…" A true and correct copy of the email is attached hereto and incorporated herein as **Exhibit C**.

16.  Then on July 1, 2022, Aaron VandenBroeke sent an email to Plaintiff, and copied two other Meow Wolf employees, which stated in part that, "We will not make any adjustments to the existing PO. This includes keeping the original projected quantities. A true and correct copy of the email is attached hereto and incorporated herein as **Exhibit D**.

17.   There are more than 100 emails between the parties regarding their business relationship.

18.  It is abundantly clear that Meow Wolf repeatedly acknowledged the existence of the contract and the quantity of product to be purchased by Defendants and sold to Defendants by Plaintiff.

19.  At all relevant times, Defendants never complained about the quality of Plaintiff's product.

20.   At all relevant times, Defendants never complained about Plaintiff's ability to timely deliver the product.

21.  Defendants failed to order and pay for the agreed upon product even though they gave regular reassurances that they would do so.

22.  In fact, Defendants only ordered and paid less than $30,000.00 to MONZU under the Contract.

23. Defendants have failed and refused to pay for or order any more of the Cheesy Bits product or any other product from MONZU.

24.  MONZU heavily invested in infrastructure and employee development in order to ramp up production to meet its obligation under the Contract.

25.  MONZU also declined other business opportunities in the expectation and reliance on the fact that Defendants would purchase the product described in the Contract.

26.   Defendants' failure to purchase the agreed upon quantity of product has financially damaged Plaintiff and resulted in MONZU laying off employees and lost profits.

## IV. CAUSES OF ACTION

### Count I
### *Breach of Contract*

27. Plaintiff reasserts and incorporates by reference the allegations set forth in the previous Paragraphs as though fully set forth herein.

28. Plaintiff offered to sell the Cheesy Bits product to Defendants.

29. Defendants offered to buy the Cheesy Bits product from Plaintiff.

30. The parties acknowledged the existence of the Contract as set forth in Exhibits B, C and D.

31. Defendants ordered, paid for, and accepted shipment of about $30,000.00 worth of product from Plaintiff.

32. Defendants breached the contract by nonacceptance and repudiation.

33. Plaintiff was injured as a result of Defendants' breach.

### Count II
### *Breach of the Implied Covenant of Good Faith and Fair Dealing*

34. Plaintiff reasserts and incorporates by reference the allegations set forth in the previous Paragraphs as though fully set forth herein.

35. The parties entered into the Contract.

36. Every contract entered into in the State of Colorado imposes an obligation of good faith in its performance or enforcement.

37. Defendants breached the covenant of good faith and fair dealing by nonacceptance and repudiation, and by generally failing to abide by the terms which they established.

38. Defendants offered no good faith reason Plaintiff for breaching the Contract.

39.  This breach caused Plaintiff monetary damages.

**Count III**
**_Breach of Oral Contract_**

40.  Plaintiff reasserts and incorporates by reference the allegations set forth in the previous Paragraphs as though fully set forth herein.

41.  Alternatively, the parties entered into an oral agreement, the terms of which are set forth above.

42. Defendants breached the contract by nonacceptance and repudiation, and by generally failing to abide by the terms which they established.

43.  Plaintiff was injured as a result of Defendants' breach.

**_Damages_**

44.  Defendants are in violation of C.R.S. 4-2-101 _et. seq_. Pursuant to C.R.S. 40-2-708, Plaintiff's damages for nonacceptance or repudiation by Defendants is the difference between the market price at the time and place for tender and the unpaid contract price, together with any incidental damages.

45.  However, if the measure of damages set forth above is inadequate to put the Plaintiff in as good a position as performance would have done, then the measure of damages is the profit, including reasonable overhead, which Plaintiff would have made from full performance by Defendants, together with any incidental damages.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays:

1.  That the Court issue proper process requiring Defendants to respond to the Complaint within the time required by law;

2.  That Plaintiff be awarded compensatory damages in an amount to be proven at

trial for breach of contract, lost business profit, and incidental damages;

3. That Plaintiff be awarded its attorney fees, expert witness fees, process server fees, court reporter fees, and court costs;

4. That Plaintiff be entitled to such other damages and expenses as may be shown by Plaintiff at trial; and

5. Plaintiff further prays for such other relief, both general and specific, to which it may be entitled in the premises.

Respectfully submitted,


s/ Jeffrey A. Land
JEFFREY A. LAND (TN BPR# 15835)
5865 Ridgeway Center Pkwy., Suite 300
Memphis, Tennessee 38120
Phone: 901.335.7228
jeff@jefflandlaw.com
*Attorney for Plaintiff*

Monzu, LLC
627 Main Street
Longmont, CO 80501