IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01828-SBP

MONZU, LLC,

      Plaintiff,

v.

MEOW WOLF, INC. and MW DENVER, LLC,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

**Susan Prose, United States Magistrate Judge**

      This matter comes before this court sua sponte. Because of deficiencies in Plaintiff Monzu, LLC's ("Monzu") showing that complete diversity of citizenship exists for purposes of conferring subject-matter jurisdiction, Monzu is hereby ordered to show cause, in writing, **on or before September 21, 2023**, demonstrating why this case should not be dismissed without prejudice for lack of subject matter jurisdiction.

### PLAINTIFF'S ALLEGATIONS

      Monzu filed this action on July 19, 2023. ECF No. 1. In its complaint (the "Complaint"), Monzu seeks damages for breach of a purchase order contract dated February 8, 2022. Compl. ¶ 5. Monzu contends that this court has subject-matter jurisdiction over its state law claims based on diversity of citizenship under 28 U.S.C. § 1332. *Id.* ¶ 3. Monzu alleges that it is a Colorado LLC with its headquarters in Longmont Colorado. *Id.* ¶ 1. Monzu also alleges that Defendants Meow Wolf, Inc., and MW Denver, LLC ("Defendants") are Delaware corporations, and their

"principal address in Colorado is 1338 1st Street, Denver, Colorado 80204." *Id.* ¶ 2.

Defendants filed a Motion to Dismiss on August 31, 2023, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10.

## LEGAL STANDARDS AND ANALYSIS

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . at any stage in the litigation." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 (10th Cir. 2012). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte.* Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (internal quotation omitted). Indeed, this court cannot rule on Defendants' Motion to Dismiss, ECF No. 10, until it has determined whether it has jurisdiction over the subject matter. *Williams v. Life Savings and Loan*, 802 F.2d 1220, 1202-03 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties.").

Congress has accorded district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749

F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Id.* "[A] court can require an evidentiary showing of jurisdiction to resolve . . . inadequate allegations." *Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021).

For purposes of diversity jurisdiction, a corporation is considered a citizen of both its state of incorporation and the state where it has its "principal place of business." *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010). A corporation's "principal place of business" is the corporation's "nerve center" where its officers "direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See, e.g.*, *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Monzu's allegations are at present insufficient to allow this court to determine the citizenship of the parties and whether this court has jurisdiction. Monzu alleges that it is a "Colorado limited liability company" that does business and is headquartered in Colorado (Compl. ¶ 1), but it does not disclose the identity and citizenship of each of its members. Monzu further fails to disclose such information in its Corporate Disclosure Statement, ECF No. 2, as required by Federal Rule of Civil Procedure 7.1(a)(2) ("The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]"). Thus, this court is unable to determine Monzu's citizenship for purposes of diversity jurisdiction

under 28 U.S.C. § 1332.

Additionally, Monzu has failed to adequately allege Defendants' citizenship. Monzu alleges that Meow Wolf, Inc. ("Meow Wolf") is a "Delaware corporation." Compl. ¶ 2. Monzu provides Meow Wolf's "principal address *in Colorado*" but does not specify whether Meow Wolf's general principal place of business—its "nerve center"—is in Colorado. For similar reasons, the court cannot determine the citizenship of MW Denver, LLC. Monzu asserts that MW Denver, LLC ("MW Dener") is a "Delaware corporation" despite its designation as an LLC. Compl. ¶ 2. MW Denver's Corporate Disclosure Statement, ECF No. 12, states that it is 100% owned by Meow Wolf. Because MW Denver is an LLC, its citizenship is that of its sole member, Meow Wolf.

Because the Complaint lacks sufficient factual allegations for this court to evaluate the citizenship of the parties, it cannot properly determine the existence of subject-matter jurisdiction.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that, **on or before September 21, 2023**, Monzu shall show cause, in writing, why this case should not be dismissed without prejudice for lack of subject-matter jurisdiction. As Monzu relies on § 1332 diversity, it shall provide a list of all of its members and their citizenship(s) at the time this action was filed, as well as Meow Wolf's principal place of business. Defendants may file a reply, if any, by **September 28, 2023.**

DATED: August 7, 2023                    BY THE COURT:

_____

Susan Prose
United States Magistrate Judge